NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD M. HOFFMAN, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COGENT SOLUTIONS GROUP, LLC,<br><br>Defendant. | Civil Action No. 13-00079 (SDW) (MCA)<br><br>**OPINION**<br><br>December 16, 2013 |

**WIGENTON**, District Judge.

Before the Court is Cogent Solutions Group, LLC's ("Defendant") Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1132(d). Venue is proper under 28 U.S.C. § 1391. This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Defendant's Motion for Judgment on the Pleadings is **GRANTED**.

**FACTUAL HISTORY**

Plaintiff Harold M. Hoffman ("Plaintiff"), an attorney from Bergen County, New Jersey, commenced this action on behalf of himself and similarly situated consumers alleging misrepresentation of the efficacy of Defendant's product, Baxyl Hyaluronan ("Baxyl").[1]

---

[1] Plaintiff has previously filed numerous suits against several companies similarly alleging misrepresentation, fraud, and deceptive practices. See, e.g., Hoffman v. Supplements Togo Mgmt., LLC, 18 A.3d 210 (App. Div. 2011); Hoffman v. Hampshire Labs, Inc., 963 A.2d 849 (App. Div. 2009); Hoffman v. Asseenontv.Com, 962 A.2d 532 (App. Div. 2009).

1

(Compl. ¶ 1; see Compl. at Overview.) Baxyl is a dietary supplement containing 60 mg of Hyaluronic Acid which is allegedly beneficial for joint health and mobility. (Id. ¶¶ 6-9.) Hyaluronic Acid, the active ingredient in Baxyl, can be commercially created in two ways: (1) by extracting the substance from animal tissues, or (2) through bacterial fermentation. (Id. ¶ 7.) Plaintiff alleges that Hyaluronic Acid created through bacterial fermentation, as in the case of Baxyl, is of a lesser grade than when extracted from animal tissues. (Id.)

In September 2012, Plaintiff purchased Baxyl after he "was exposed to and read, saw and/or heard Defendant's advertising and marketing claims and promises with respect to [this] product." (Id. ¶ 1.) Plaintiff alleges that Defendant made false promises that Baxyl "delivered joint health and mobility in humans." (Id. ¶ 9.) Moreover, Plaintiff asserts that Defendant has no clinical evidence to support its claim that "orally ingesting Hyaluronic Acid produced through biological fermentation, in a 60 mg liquid dose, can deliver any relief from osteoarthritis" or joint pain relief of any kind. (Id. ¶¶ 8, 11.) Accordingly, Plaintiff alleges that "Defendant misrepresented the efficacy and benefit of its product" and that consumers "made purchasing decisions . . . based upon Defendant's specific representations of product efficacy and benefit." (Id. ¶¶ 15-16.) Plaintiff further states that Defendant "affirmatively misrepresented and mislabeled its product." (Id. ¶ 17.)

**PROCEDURAL HISTORY**

On December 3, 2012, Plaintiff filed his Complaint in the Superior Court of New Jersey, Law Division in Bergen County alleging the following counts: (I-V) Violation of the New Jersey Consumer Fraud Act (CFA) based upon unconscionable commercial practice; deception; fraud; false pretense, false promise and/or misrepresentation; knowing concealment, suppression and/or omission of material facts with the intent that others rely upon such concealment, suppression

and/or omission, in connection with the sale or advertisement of any merchandise; (VI) common law fraud; (VII) unjust enrichment; (VIII) breach of express warranty; and (IX) breach of the implied warranty of merchantability and fitness for an intended purpose. (Compl. ¶¶ 31-70.) Defendant removed the matter to this Court on January 3, 2013. (Dkt. No. 1.)

On March 21, 2013, Magistrate Judge Arleo issued an Order to Show Cause requiring Plaintiff to demonstrate why his case should not be dismissed and/or remanded. (Dkt. No. 9.) Judge Arleo denied Plaintiff's request for remand and ruled that this Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1132(d) ("CAFA"). (See Dkts. 20-21; Def. Br. 2-3.) On August 9, 2013, Defendant filed an Answer and moved for judgment on the pleadings. (Dkt. Nos. 25-26.)

**LEGAL STANDARD**

*Motion for Judgment on the Pleadings*

"A motion to dismiss for failure to state a claim under Rule 12(c) is identical to one filed under Rule 12(b)(6), except Rule 12(c) allows for the motion to be filed after the filing of an answer, while Rule 12(b)(6) allows for the motion to be made in lieu of an answer." Wellness Pub. v. Barefoot, No. 02-3773, 2008 WL 108889, at * 6 (D.N.J. Jan. 9, 2008); see also Fed. R. Civ. P. 12(h)(2)(B). In either instance, a court is to use the same standard in evaluating the motions. Reinbold v. U.S. Post Office, 250 Fed. Appx. 465, 466 (3d Cir. 2007) (citing Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)).

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to

relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief").

In considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips, 515 F.3d at 231 (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). Id. at 1950.

According to the Supreme Court in Twombly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his[/her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (internal citations omitted). The Third Circuit summarized the Twombly pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

4

In <u>Fowler v. UPMC Shadyside</u>, the Third Circuit directed district courts to conduct a two-part analysis. 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the factual elements from the legal conclusions. <u>Id.</u> The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." <u>Id.</u> at 210-11. Second, the court must determine if "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" <u>Id.</u> (quoting <u>Iqbal</u>, 566 U.S. at 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." <u>Id.</u> (citing <u>Phillips</u>, 515 F.3d at 234-35.)

*Heightened Pleading Standard under Fed. R. Civ. P. 9(b) for Fraud Claims*

Fed. R. Civ. P. 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Plaintiffs "alleging fraud must state the circumstances of the alleged fraud[ulent act] with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" <u>Park v. M&T Bank Corp.</u>, No. 09-cv-02921, 2010 WL 1032649, at *5 (D.N.J. Mar. 16, 2010) (citing <u>Lum v. Bank of America</u>, 361 F.3d 217, 223-24 (3d Cir. 2004)). Plaintiffs can satisfy this standard by alleging dates, times, places and other facts with precision. <u>Park</u>, 2010 WL 1032649, at *5.

**DISCUSSION**

**I.     Defendant's Motion for Judgment on the Pleadings**

   **A. Consumer Fraud Act (CFA) Claims (Counts I-V)**

To state a cause of action under the CFA, plaintiff must allege: "(1) an unlawful practice by the defendants; (2) an ascertainable loss by plaintiff; and (3) a causal nexus between the first

5

two elements—defendants' allegedly unlawful behavior and the plaintiff's ascertainable loss." Parker v. Howmedica Osteonics Corp., No. 07-2400, 2008 WL 141628, at *2 (D.N.J. Jan. 14, 2008) (citing New Jersey Citizen Action v. Schering-Plough Corp., 842 A.2d 174, 176 (N.J. App. Div. 2003)). Additionally, CFA claims must meet the heightened pleading requirement under Fed R. Civ. P. 9(b).

The first element of an unlawful practice "typically involves an affirmative act of fraud and can arise from an affirmative act, an omission, or a violation of an administrative regulation." Adamson v. Ortho-McNeil Pharm., Inc., 463 F. Supp. 2d 496, 501 (D.N.J. 2006). "The misrepresentation has to be one which is material to the transaction and which is a statement of fact, found to be false, made to induce the buyer to make the purchase." Gennari v. Weichert Co. Realtors, 691 A.2d 350, 366 (1997). Next, to properly plead an ascertainable loss, a plaintiff must allege facts showing "either an out-of-pocket loss or a demonstration of loss in value." Dist. 1199P Health and Welfare Plan v. Janssen, L.P., 784 F. Supp. 2d 508, 530 (D.N.J. 2011) (internal citations omitted). Finally, a plaintiff must show a causal nexus between the misrepresentation or concealment of the material fact by defendant and the loss suffered by any person. Dewey v. Volkswagen AG, 558 F. Supp. 2d 505, 526 (D.N.J. 2008).

Here, this Court finds that Plaintiff fails to assert viable claims under the CFA. Plaintiff contends that Defendant misrepresented the efficacy of Baxyl. (Compl. at Overview; Pl. Opp. 12.) Specifically, the gravamen of Plaintiff's Complaint is that Defendant failed to substantiate its claims of Baxyl's efficacy with reliable medical studies, clinical data, or scientific research. (See generally Compl.) Defendant points out—and Plaintiff does not dispute—that prior substantiation claims are not cognizable under the CFA. Franulovic v. Coca Cola Co., 390 F. App'x 125, 128 (3d Cir. 2010) (noting that "a New Jersey [CFA] claim cannot be premised on a

6

prior substantiation theory of liability"). In carefully reviewing the Complaint and the parties' briefs, it is clear that Plaintiff's alleged CFA claims are based on a lack of substantiation theory of liability. See Scheuerman v. Nestle Healthcare Nutrition, Inc., No. 10-3684, 2012 WL 2916827, at *7 (D.N.J. July 17, 2012) (granting summary judgment on CFA claims in finding that "the core allegations of fraud in the Complaint are clearly grounded in a prior substantiation theory of liability"). As lack of substantiation claims are not cognizable under the CFA, Plaintiff's claims are not viable.

Even if Plaintiff's claims were not based on lack of substantiation, they would otherwise fail because they are inadequately pled. Plaintiff claims that he purchased Baxyl. (Compl. ¶ 4.) However, nowhere in the record is there any indication that Plaintiff actually ingested the product. Moreover, Plaintiff alleges that he suffered "out of pocket payment and expenditure" and "received . . . a product that was unable to deliver the benefits promised." (Id. ¶ 22.) However, Plaintiff failed to state how he received less than what was promised. Plaintiff merely states that Baxyl was supposed to "deliver specified health benefit[s] and joint support" and "cannot do so." (Id. ¶ 25.) Plaintiff's bare allegations fall short of establishing valid CFA claims; thus, they are dismissed.

### B. Common Law Fraud (Count VI)

To adequately plead a fraud claim under New Jersey law, a plaintiff must establish the following elements: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Banco Popular N. Am. v. Gandi, 184 N.J. 161, 172-73 (2005) (quoting Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997)); see also Jewish Center of Sussex County v. Whale, 86 N.J.

619, 624-25 (1981). Additionally, fraud claims must meet the requirements of Fed R. Civ. P. 9(b) which imposes a heightened pleading requirement with respect to allegations of fraud.

Here, Plaintiff fails to plead a viable fraud claim. Plaintiff asserts that Defendant "engaged in concealment, suppression and/or omission of material facts." (Compl. ¶ 48.) However, Plaintiff fails to identify with specificity the nature of the misrepresentations, when they were made, which representations he relied on, and how he relied on them. Furthermore, Plaintiff fails to sufficiently plead resulting damages based on Baxyl's alleged ineffectiveness. See Hoffman v. Nutraceutical Corp., No. 12-5803, 2013 WL 2650611, at *3 (D.N.J. June 10, 2013) (dismissing fraud claim because "Plaintiff failed to identify the resulting damages"). Thus, Plaintiff's claim for common law fraud is dismissed.

### C. Unjust Enrichment (Count VII)

To establish a claim for unjust enrichment under New Jersey law, a plaintiff must allege that (1) the defendant received a benefit, (2) at the plaintiff's expense, (3) under circumstances that would make it unjust for the defendant to retain the benefit without paying for it, and (4) the plaintiff expected remuneration from defendant at the time he performed or conferred a benefit on defendant. Jurista v. Amerinox Processing, Inc., 492 B.R. 707, 754 (D.N.J. 2013); Alin v. Am. Honda Motor Co., Inc., No. 08-4825, 2010 WL 1372308, at *14 (D.N.J. Mar. 31, 2010).

Here, Plaintiff fails to a state a claim for unjust enrichment against Defendant. Plaintiff alleges, inter alia, that Defendant is "indebted to class members for the sums paid by class members to Defendant for purchase of a misrepresented product." (Compl. ¶ 55.) Plaintiff seeks disgorgement of monies paid to Defendant. (Id. ¶ 56.) However, "[u]njust enrichment is not a viable theory—and disgorgement is therefore not available—in circumstances in which a consumer purchases specific goods and receives those same specific goods." In re Cheerios

Mktg. & Sales Practices Litig., No. 09-cv-2413, 2012 WL 3952069, at *13 (D.N.J. Sept. 10, 2012). In this case, Plaintiff purchased and received Baxyl. Plaintiff does not allege that no value was received for its purchase of Baxyl. Moreover, as previously discussed, Plaintiff does not articulate how Baxyl failed to function as advertised, that he consumed and was thereby injured by the product, or why it was unjust for Defendant to retain the money paid for the product. Accordingly, Plaintiff's claim for unjust enrichment is dismissed.

### D. Claim for Breach of Express Warranty (Count VIII)

To establish a claim for breach of express warranty under New Jersey law, a plaintiff must allege: "(1) that Defendant made an affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description." Snyder v. Farnam Companies, Inc., 792 F. Supp. 2d 712, 721 (D.N.J. 2011) (citations omitted). However, the statute specifically notes that "an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty." N.J. Stat. Ann. § 12A:2–313(2). To recover damages for breach of express warranty, a plaintiff must establish that such damages were reasonably foreseeable at the time that the contract was entered into. Spring Motors Distribs., Inc. v. Ford Motor Co., 98 N.J. 555, 579-80 (1985) (describing that damages for misrepresenting products comes from "society's interest in the performance of promises").

Here, Plaintiff alleges that he entered into a contract with Defendant in September 2012 when he purchased Baxyl. (Compl. ¶ 59.) Plaintiff claims that the product "did not conform to Defendant's promises of joint health and mobility in humans." (Id. ¶¶ 60, 64.) Plaintiff seeks

9

"monies [paid] to purchase a product that failed altogether to conform to Defendant's express promises and warranty." (Id. ¶ 65.)

This Court finds that Plaintiff's allegations fall woefully short of stating a claim for breach of express warranty. Plaintiff merely recites the elements required for a breach of express warranty claim. However, Plaintiff fails to set forth any specific facts relating to Baxyl or Defendant's actions. For instance, Plaintiff does not identify Defendant's misrepresentations, the existence of express warranties, or damages flowing from Defendant's alleged breach. Accordingly, Plaintiff's claim for breach of express warranty is dismissed.

### E. Claims for Breach of Implied Warranties of Merchantability and Fitness For An Intended Purpose (Count IX)

To state a claim for breach of the implied warranty of merchantability under New Jersey law, a plaintiff must allege "(1) that a merchant sold goods, (2) which were not 'merchantable' at the time of sale, (3) injury and damages to the plaintiff or its property, (4) which were [] caused proximately and in fact by the defective nature of the goods, and (5) notice to the seller of injury." Marcus v. BMW of N. Am., LLC, 687 F.3d 583, 600 n.8 (3d Cir. 2012) (internal citations omitted). "If the buyer, expressly or by implication, makes known to the seller the particular purpose for which the article is required and it appears that he has relied on the seller's skill or judgment, an implied warranty arises of reasonable fitness for that purpose." Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 370 (1960). To establish a breach of either warranty, Plaintiffs "must show that the equipment they purchased from defendant was defective." Crozier v. Johnson & Johnson Consumer Companies, Inc., 901 F. Supp. 2d 494, 509 (D.N.J. 2012) (internal citation omitted). Specifically, a claim under either implied warranty "requires a showing regarding the product's functionality, not the advertisements that allegedly induced a customer to purchase it." Crozier, 901 F. Supp. 2d at 509.

In the instant matter, Plaintiff fails to state a claim for either breach of implied warranty of merchantability or fitness for an intended purpose. Plaintiff alleges that Baxyl "failed to conform to Defendant's promises of efficacy to deliver joint health and mobility in humans . . . and was not fit for the ordinary purpose for which it was intended to be used." (Compl. ¶ 68.) However, Plaintiff does not demonstrate that how or why the product was defective. Furthermore, Plaintiff fails to identify any injuries or damages that were caused by Baxyl. See Hoffman v. Nutraceutical Corp., No. 12-5803, 2013 WL 2650611, at *4 (D.N.J. June 10, 2013) (dismissing breach of implied warranty claim for failure to "establish what damages resulted from the product containing [] lead"). Thus, Plaintiff's claims for breach of implied warranties of merchantability and fitness for a particular purpose fail.

## II.     Remand Request

Although unnecessary to consider, it is noted that Plaintiff devoted much of his opposition brief requesting this Court to remand this case to state court.[2] This request is procedurally improper at this juncture and is otherwise meritless. First, no motion for remand was filed. Furthermore, Magistrate Judge Arleo previously denied Plaintiff's remand request and ruled that this Court has jurisdiction over the instant action under CAFA. Moreover, like the many courts that have considered Plaintiff's argument, this Court is not persuaded that Plaintiff unilaterally divested this Court of subject matter jurisdiction in having a "dual role" as class representative and class counsel. See Kramer v. Scientific Control Corp., 534 F.2d 1085, 1090 (3d Cir. 1976) (asserting that the class representative cannot also serve as class counsel); see also Hoffman v. Nutraceutical Corp., No. 12-5803, 2013 WL 885160 (D.N.J. Mar. 8, 2013) (rejecting "Plaintiff's argument that his dual role as class representative and class counsel would prevent

---

[2] Pursuant to 28 U.S.C. § 1447(c), remand to state court is required where "it appears that the district court lacks subject matter jurisdiction."

class certification" and noting that "there is no legal authority to support the proposition that a party's dual role in a matter should negate federal jurisdiction under CAFA"); <u>Hoffman v. Lumina Health Products, Inc.</u>, No. 13-04936, 2013 WL 5773292, at *3 (D.N.J. Oct. 24, 2013) (denying motion for remand and rejecting argument that dual role as class representative and class counsel divests federal court of jurisdiction). Thus, Plaintiff's request for remand is denied.

**CONCLUSION**

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings is **GRANTED**.

<u>s/Susan D. Wigenton, U.S.D.J.</u>

cc: Madeline Cox Arleo, U.S.M.J.